UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEVEN ANTHONY BEHAR and
JEFFREY BEHAR,

                Appellants,

-against-

R. KENNETH BARNARD, AS CHAPTER 7
TRUSTEE OF I 0 DIVISION STREET LLC,

                Appellee.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 06 2017 ★

LONG ISLAND OFFICE

ORDER
16-CV-4644 (JFB)

JOSEPH F. BIANCO, District Judge:

    By Order dated December 5, 2016, pursuant to the Court's directive at the Show Cause hearing held on December 2, 2016, the Court ordered appellants to file a notice of appearance or a status report by January 16, 2017 and stayed the briefing schedule pending appellants' retention of counsel or filing of a status report. On January 20, 2017, the Court ordered appellants to file their brief in support of their appeal by February 21, 2017, warning them that, if they failed to file a brief by this date, the Court would deem the appeal abandoned and dismiss the case. Service was made by appellee on January 26, 2017. By letter motion dated February 23, 2017, appellee requested that this Court deem the appeal abandoned and dismiss it for failure to prosecute.

    To date, appellants have not filed their brief, nor have they filed a status report, notice of appearance by counsel, or a request for an extension. For the reasons set forth below, therefore, the Court, in its discretion, dismisses appellant's appeal for failure to prosecute.

    Bankruptcy Rule 8001(a) provides, in pertinent part, that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include

1

dismissal of the appeal." Fed. R. Bankr. P. 8001(a); *see also Tampa Chain Co. v. Reichard*, 835 F.2d 54, 55 (2d Cir. 1987) ("The time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet deadlines . . . Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." (internal citations omitted)). The Second Circuit in *Burton v. Schachter*, stated that:

> Rule 9006(b)(1)(2) provides that 'on motion made after the expiration of the specified period [the court may] permit the act to be done where the failure to act was the result of excusable neglect.' Fed. R. Bankr. P. 9006(b)(1)(2). In making this determination the court should consider all relevant circumstances including: 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). If the appellant fails to make the required showing, the district court may, in its discretion, dismiss the appeal. Fed. R. Bank. P. 8001(a). *In re U.S. Product Corp.*, No. 96-CV-0401, 1996 WL 172675 at *1 (N.D.N.Y. April 10, 1996).

99 Fed. App'x 333, 335 (2d Cir. 2004) (quoting *In re Callahan*, 211 B.R. 131, 132 (N.D.N.Y.1997)). "In order for a district court to dismiss a bankruptcy appeal for failure to prosecute it must determine that such failure was 'inexcusable.'" *Id.* at 334 (citing *Tampa Chain*, 835 F.2d at 56; *In re Callahan*, 211 B.R. at 132-33; *French Bourekas Inc. v. Turner*, 199 B.R. 807, 815 (E.D.N.Y. 1996)).

In this case, appellants' failure to file his brief in support of the instant appeal is inexcusable. Appellants filed the instant appeal on August 19, 2016 and to date have failed to file their brief. After appellants' counsel withdrew, appellants' were ordered to either have counsel

file a notice of appearance or to file a status report by January 6, 2017. Appellants did not comply with that order, and another order issued on January 20, 2017 requiring them to file their brief by February 21, 2017. Appellants again failed to comply with that order or otherwise communicate with the Court, despite this Court's explicit warning that failure to file the brief would result in dismissal of the case with prejudice for failure to prosecute in its January 20 order. It has been over six months since the notice of the instant appeal was filed, and appellant has repeatedly failed to comply with this Court's deadlines since that time. The Court concludes that these failures are inexcusable under the relevant case authority. *See, e.g., In re Geaney*, No. 08 CIV. 8208 RJS, 2011 WL 336464, at *1 (S.D.N.Y. Jan. 25, 2011) (finding an appellant's "failure to file his brief . . . two weeks after the deadline set by this Court, constitute[d] inexcusable indifference to pursuing his appeal"); *Oren v. Nicholas*, No. 10-CV-2489 RRM, 2010 WL 5127664, at *2 (E.D.N.Y. Dec. 9, 2010) (dismissing appeal where the appellant "demonstrated inexcusable indifference to pursuing his appeal" by "not communicat[ing] with the Court" and "flout[ing] two deadlines"); *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) ("[Plaintiff's] failure to read and obey an unambiguous court rule—especially when the opposing party told him what the rule said—was not excusable."). Under these circumstances, no sanction less than dismissal will alleviate the prejudice to appellee of continuing to keep this action open. Moreover, the Court needs to clear calendar congestion and ensure an orderly and expeditious disposition of cases.

Accordingly, the appeal is dismissed with prejudice.   The Clerk of the Court is directed to close the case.

**SO ORDERED**.

Dated: March 6, 2017
       Central Islip, New York

*/s/ Joseph Bianco*
Joseph F. Bianco
United States District Judge

4